UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60709-CIV-ROSENBAUM

MICHAEL J. WOLFE,

    Appellant,

v.

ARMANDO RODRIGUEZ and DEBORAH L. CORN,

    Appellees.
_____/

## OPINION AND ORDER

This is an appeal by Appellant Michael J. Wolfe of the Order Granting Motion to Strike Pleadings for Lack of Standing entered on January 22, 2012 [BKC ECF No. 66],[1] and the Order Striking Defendant Michael J. Wolfe's Pleadings, Motions, and Documents for Lack of Standing entered on January 31, 2013 [ADV ECF No. 23], in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"). The Court has carefully considered the briefs and all supporting and opposing filings and is otherwise fully advised in the premises. For the reasons set forth below, the Court affirms the Bankruptcy Court's Orders. Because the Court affirms both Orders on procedural grounds, the Court need not address the substantive issues presented in Wolfe's appeal.

---

[1] For purposes of clarity, documents filed on this docket, 13–60759–RSR, will be cited as "ECF No. ____;" documents filed on the underlying bankruptcy docket, 12–19914–RBR, will be cited as "BKC ECF No.____;" and documents filed in the underlying adversary proceeding, 12-02101-RBR, will be cited as "ADV ECF No. ____."

## I. Background

Appellees Armando Rodriguez and Deborah Corn are Chapter 7 debtors in the underlying bankruptcy action.[2]  Appellant Michael J. Wolfe is a *pro se* creditor in the main bankruptcy proceeding and a *pro se* defendant in a related adversary proceeding.  Wolfe purportedly holds a mechanic's lien against Rodriguez and Corn arising from the provision of professional services for the improvement of the debtors' homestead property.  The original claim of lien was placed by Advanced Shelter Solutions, Inc., a corporation owned by Wolfe and his wife, and the corporation brought a foreclosure action against Rodriguez and Corn in Broward County circuit court.  When Wolfe sought to advance the lawsuit on behalf of the company without legal representation, the state court ordered Wolfe to be represented by counsel.  Rather than retaining counsel, however, Wolfe assigned the lien from himself and his wife, in their corporate capacities, to himself, individually.

Based on this assignment, Wolfe has appeared *pro se* in the underlying bankruptcy and adversary proceedings, asserting his claim as a creditor and contesting the debtors' discharge.  In the main bankruptcy action, Rodriguez and Corn moved to strike Wolfe's pleadings for lack of standing.  BKC ECF No. 54  The Bankruptcy Court granted the motion, noting that a corporation must be represented by counsel and that Wolfe's assignment of the lien was an attempt to circumvent that requirement. BKC ECF No. 66.  As a result, the Bankruptcy Court held that Wolfe had no standing to litigate the action *pro se* and ordered all of his filings stricken from the record.  *Id.*  The Bankruptcy Court subsequently issued a substantially similar order in the adversary proceeding.  ADV ECF No. 23.  It is these two orders that Wolfe now appeals.

---

[2] Unless otherwise noted, the facts are derived from various documents filed in this docket and the underlying bankruptcy docket.  These facts, which appear to be undisputed, are provided for background purposes only and do not constitute findings of fact by the Court.

## II. Jurisdiction

Federal courts are courts of limited jurisdiction. *Federated Mut. Ins. Co. v. McKinnon Motors*, *LLC*, 329 F.3d 805, 807 (11th Cir. 2003). With regard to appeals from bankruptcy courts, district courts enjoy jurisdiction over only three types of orders: (1) final orders, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals issued under 11 U.S.C. § 1121(d), as described in 28 U.S.C. § 158(a)(2); and (3) with leave of the court, other interlocutory orders, as described in 28 U.S.C. § 158(a)(3) and Rule 8001(b), Fed. R. Bankr. P. *Tobkin v. Calderin*, No. 12-22692-MC, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012).

An order that would normally be considered interlocutory may be reviewed as a "final order" by a court if (1) the order is independent and easily separable from the substance of other claims in the action, (2) prompt review is necessary to protect important interests of any party, and (3) the reviewing court examines the first two requirements in light of practical, as opposed to technical, considerations. *Wisz v. Moister (In re Wisz)*, 778 F.2d 762, 764 (citing *Providers Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater)*, 734 F.2d 794, 796–97 (11th Cir. 1984)); *see also In re Hinners*, No. 12–80924–MC, 2012 WL 4049967, at *2 (S.D. Fla. Sept. 13, 2012); *Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 617, 622 (11th Cir. 1985). This is referred to as the collateral-order doctrine, which the Eleventh Circuit has held applies to review of bankruptcy-court orders. *Growth Realty Cos. v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.)*, 686 F.2d 899, 902 (11th Cir. 1989); *In re Charter Co.*, 778 F.2d at 622.

The Eleventh Circuit has held that orders denying *pro se* status fit squarely within the scope of the collateral-order doctrine and are thus immediately reviewable on appeal. In this regard, the Eleventh Circuit has noted that such orders are separate from the merits of the underlying claim and

that the "harm in erroneously denying a party leave to proceed *pro se* . . . cannot be repaired after a judgment on the merits."[3]  *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 580 (11th Cir. 1997), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *see also Reshard v. Britt*, 819 F.2d 1573, 1581 (11th Cir. 1981), *vacated* 831 F.3d 222 (11th Cir. 1987) ("[W]e believe that an order granting a motion disqualifying a party from proceeding *pro se* cannot be 'effectively reviewed on appeal' after final judgment, and therefore, should be immediately reviewable as a collateral order . . . .").

Here, the Bankruptcy Court struck all of Wolfe's pleadings on the grounds that Wolfe lacked standing to appear *pro se* on behalf of a corporation.  As a result, the Orders at issue are reviewable as collateral orders, and this Court has jurisdiction over the instant appeal.

### III. Standard of Review

Bankruptcy courts are governed by the Federal Rules of Bankruptcy Procedure.  Under Rule 8013, Fed. R. Bankr.P., a district court reviews the factual findings of a bankruptcy court for clear error.  Under this deferential standard, the lower court's findings of fact shall stand unless the reviewing court is left with the "definite and firm impression that a mistake has been made."  *Am. Nat'l Bank of Jacksonville v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1534 (11th Cir. 1983) (citing *Morgado v. Birmingham-Jefferson Cnty. Civil Def. Corp.*, 706 F.2d 1184 (11th Cir. 1983)).  As for the conclusions of law of the bankruptcy court and the application of the law to the particular facts

---

[3] Other courts that have addressed this question are in agreement with the Eleventh Circuit. *See, e.g.*, *O'Reilly v. New York Times Co.*, 692 F.2d 863 (2d Cir. 1982) (order denying motion to appear *pro se* was immediately appealable); *Prewitt v. City of Greenville*, 161 F.3d 296, 298 (5th Cir. 1998) ("We are persuaded that [plaintiff's] charge of a denial of the right to proceed *pro se* comes within the collateral order doctrine."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (finding denial of motion to proceed *pro se* appealable under the collateral-order doctrine).

of the case, a district court must conduct a de novo review. *See In re Feingold*, 474 B.R. 293, 294 (S.D. Fla. 2012) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009)); *In re Club Assocs.*, 951 F.2d 1223, 1228–29 (11th Cir. 1992)) ("The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions de novo" ).

### IV. Discussion

Wolfe contends that the Bankruptcy Court misapplied the corporate-representation rule and erred in striking his pleadings. In this regard, Wolfe avers that he is not representing the corporation, but rather, his own interests, so he falls within his right to proceed *pro se* in the underlying litigation.

A corporation is an artificial entity that can act only through its agents. As a result, it cannot appear *pro se* and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citing *Commercial & R.R. Bank of Vicksburg v. Slocomb*, 39 U.S. (14 Pet.) 60 (1840)). This rule applies even where the individual seeking to represent the corporation is an officer or major stockholder. *Id.* (citing *In re Las Colinas Dev. Corp.*, 585 F.2d 7 (1st Cir. 1978)).

Moreover, parties may not evade the general rule "by the simple expedient of the assignment of corporate claims to the *pro se* plaintiff." *Id.* Indeed, courts have consistently held that a corporation's assignment of its claim may not be used to circumvent the rule requiring corporate representation by counsel. *See, e.g.*, *Heiskel v. Mozie*, 82 F.2d 861, 863 (D.C. Cir. 1936) ("It cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee—not an attorney—to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose . . . ."); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) ( "[T]he federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an

assignment of the corporation's claims to the lay individual."); *Mercu-Ray Indus., Inc. v. Bristol-Myers*, 392 F. Supp. 16, (S.D.N.Y. 1974) ("To allow [plaintiff] to appear pro se in this suit would be allowing him to flout a well-established and purposeful public policy by means of a procedural device.. . . he must have an attorney present the corporation's legal claims.")

In *Palazzo v. Gulf Oil Corp.*, the Eleventh Circuit emphasized this principle by denying the plaintiff's attempt to assert claims on behalf of a corporation in a *pro se* capacity. 764 F.2d at 1385. There, the plaintiff maintained that he was entitled to pursue corporate claims without counsel by virtue of the corporation's assignment of its claims to him individually. *Id.* The Eleventh Circuit disagreed, holding that the assignment of claim did not operate to avoid the long-standing policy requiring corporate representation. *Id.* at 1386. It noted that no reason existed to permit the circumvention of the general rule simply because of the corporation's assignment of claim and that the plaintiff would suffer no injustice by such a holding. *Id.* As a result, it concluded that the dismissal of the plaintiff's claims for lack of standing was proper.

In this case, Wolfe first takes issue with the Bankruptcy Court's statement that Wolfe purports to have a mechanic's lien against Rodriguez and Corn. According to Wolfe, this finding of fact is erroneous because "there is absolutely no record evidence" that he ever made such a claim. This is simply incorrect. In Wolfe's Motion for Order Lifting Automatic Stay [BKC ECF No. 33], Wolfe explicitly avers that the debtors owe him "pursuant to a mechanic's lien." Thus, the Bankruptcy Court's remark in this regard is not error.

Wolfe also disputes the Bankruptcy's Court's conclusion that he was attempting to assert the claims of Advanced Shelter Solutions without retaining an attorney. The Bankruptcy Court determined that Wolfe sought to circumvent the corporate-representation rule by assigning the

corporation's rights to himself. In so concluding, it observed that the original claim of lien was placed by Advanced Shelter Solutions and was signed by Wolfe in his capacity as vice president of the corporation. *See* BKC ECF No. 66 at 2, ADV ECF No. 23 at 2. The Bankruptcy Court also noted that in the pending state-court foreclosure action, in which Advanced Shelter Solutions is the named plaintiff, the state court ordered Wolfe to pursue the litigation in his corporate capacity, thus necessitating that he hire counsel to represent the corporation. BKC ECF No. 66 at 2, ADV ECF No. 23 at 2. After denying Wolfe's request to substitute himself for the company as the party plaintiff, the state court ultimately permitted Wolfe to be added as a party but noted that Advanced Shelter Solutions would remain a party to the action and was required to obtain legal counsel in order to proceed. ECF No. 8 at 21.

The Bankruptcy Court also took judicial notice of two other cases pending in Collier County and DeSoto County, Florida. In both cases, the courts found that Wolfe could not proceed on behalf of Advanced Shelter Solutions, as he is not a licensed attorney. In the Collier County case, the court granted the plaintiff's motion to strike Wolfe's pleadings on the basis that "the requirement for representation by an attorney cannot be circumvented by assigning the rights to a chose in action to a natural person." *See* BKC ECF No. 54-1 at 19. The DeSoto County court similarly found that Wolfe could not pursue litigation on behalf of Advanced Shelter Solutions unless he hired an attorney on behalf of the corporation. The court struck all of Wolfe's filings, noting that "the intent, or effect, of the Assignment to Michael Wolfe [was] to circumvent Florida's requirement that corporations be represented by counsel" and that Wolfe was pursuing an action which appeared to belong to Advanced Shelter Solutions. *See* BKC ECF No. 54-1 at 21.

Based on these facts, the Bankruptcy Court determined that Wolfe's assignment of the corporation's claims was an attempt to bypass the rules prohibiting *pro se* representation of a corporate entity. While Wolfe insists that he is pursing his own interests in the bankruptcy proceeding, the Court is not convinced that the Bankruptcy Court erred in its determination. Although Wolfe maintains that the orders entered in the Collier County and DeSoto County cases order were erroneous, no indication exists that either order was reversed or vacated, and this Court is not the forum in which to contest those courts' findings. Ultimately, the fact that Wolfe executed the assignment agreement only after being told by numerous courts that he could not proceed *pro se* on behalf of a corporation lends sufficient credence to the Bankruptcy Court's conclusion that Wolfe was simply attempting to avoid obtaining counsel to pursue the corporate claims. Thus, the Bankruptcy Court's finding in this regard did not constitute clear error. *See Colwell v. Royal Int'l Trading Corp.*, 226 B.R. 714, 718 (S.D. Fla. 1998) ("District Courts must give considerable deference to a bankruptcy court's findings of fact, and will not overturn a bankruptcy court's factual findings unless it determines that those findings are clearly erroneous.").

To the extent that Wolfe disputes the Bankruptcy Court's application of the relevant law, that claim is also denied. The law in this Circuit is clear that a party may not utilize an assignment of claim to circumvent the requirement that a corporation be represented by counsel. Upon determining that the assignment agreement was an attempt to overcome the corporate-representation rule, the Bankruptcy Court's conclusion that Wolfe lacked standing to appear *pro se* in the underlying bankruptcy proceeding was proper.

**V. Attorney's Fees and Costs**

Rodriguez and Corn request that the Court award them attorney's fees and costs for the defense of the present appeal. ECF No. 6. Rule 8020, Fed. R. Bankr. P., permits the Court to award damages and costs for frivolous appeals. "Because the language of Rule 8020 is similar to Federal Rule of Appellate Procedure 38, courts apply cases interpreting Rule 38 in determining whether to grant sanctions under Rule 8020." *In re Desmarais*, No. 12-80426-CIV, 2012 WL 3779021, at *4 (S.D. Fla. Aug. 31, 2012) (quoting *Steffen v. Berman*, No. 8:09-cv-1953, 2010 WL 2293235, at *1 (M.D. Fla. June 7, 2010)) (internal quotation marks omitted). For purposes of Rule 38 sanctions, an appeal is frivolous if it is "utterly devoid of merit." *Nettles v. City of Leesburg Police Dept.*, 415 F. App'x 116, 123 (11th Cir. 2010) (quoting *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993)) (internal quotation marks omitted).

Generally, however, courts are reluctant to impose sanctions on *pro se* appellants and have done so only in limited circumstances. *See SEC v. Pension Fund of Am. L.C.*, 379 F. App'x 832, 836 (11th Cir. 2010). For example, the Eleventh Circuit has imposed sanctions where the *pro se* litigant had been warned that his arguments were without merit or where the litigant had previously brought frivolous claims. *See United States v. Morse*, 532 F.3d 1130, 1132-33 (11th Cir. 2008); *Pollard v. Comm'r*, 816 F.2d 603, 605 (11th Cir. 1987). None of those circumstances are present here. Although the Court affirms the decisions below, Wolfe's claims were not patently frivolous or wholly lacking in merit. As a result, the Court does not find that sanctions are warranted in this instance, and the Motion for Attorney's Fees and Costs is denied.

### VI. Conclusion

For the foregoing reasons, the appeal is **DENIED**. Rodriguez and Corn's Motion for Attorney's Fees and Costs [ECF No. 6] is **DENIED**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** at the Fort Lauderdale, Florida, this 31st day of December 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

Counsel of Record

Michael J. Wolfe
8716 Kently Road
New Port Richey, FL 34654